# HISCOCK & BARCLAY LLP

**Joseph L. Stanganelli**
*Partner*

June 5, 2013

**VIA THE COURT'S ELECTRONIC CASE FILING (ECF) SYSTEM**

Hon. Jeremiah J. McCarthy
United States District Court for the
Western District of New York
U.S. Courthouse, 2 Niagara Square
Buffalo, NY 14202

    Re:    *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, No. 1:10-cv-00781-RJA-JJM
              and *Steuben Foods, Inc. v. HP Hood, LLC*, No. 1:12-cv-00211-RJA-JJM

Dear Judge McCarthy:

        Subject to the Court's permission, Steuben would like to briefly respond to the defendant's letter dated June 3, 2013. By way of context, the Court allowed for the defendants' submission of the June 3 letter to respond to the additional cases cited by Steuben at oral argument. Such citations were not "belated" as the June 3 letter suggests, but rather were raised in response to certain points made in defendants' Reply brief. Defendants' June 3 Letter confuses that context and the propositions for which Steuben cited the cases, and misreads at least one (*Nippon Steel*).

        Defendants' Reply brief had stated that defendants were aware of no case conditioning a stay on the moving party's stipulation to accept the PTO's determination of the validity issues raised in the reexaminations, implying it was outside the Court's discretion to do so. See Reply at 9 (Shibuya Dkt. 84). Steuben raised the *Premier Int'l Assoc.* and *Antor* cases in response to show that, indeed, in evaluating such motions on a case-by-case basis, just as it has the discretion to deny the motion entirely, the Court has the discretion to condition the grant of the requested stay. Defendants further confuse the point: Steuben has not requested that the Court prevent defendants from challenging the validity of the patents-in-suit on any grounds, and the Court would not be *imposing* estoppel ramifications, but rather, Steuben has requested (in the alternative to denying the motion) that the Court, in its absolute discretion, condition any indefinite stay in response to defendants' motion on defendants' agreement to not challenge the validity of claims that survive reexamination with invalidity arguments that already were or could have been raised at the PTO.

        On the history and facts of *this action*, such a condition is perfectly reasonable. The risk Judge Arcara was concerned with when he denied the original motion in 2011 would be realized

One International Place – 14th Floor – Boston, Massachusetts 02110  hblaw.com
jstanganelli@hblaw.com  Direct: 617.274.2902  Fax: 617.722.6003
Also Admitted In: California  and New York

7285200.1

Hon. Jeremiah J. McCarthy
June 5, 2013
Page 2

if the case is stayed indefinitely now, two years later, without any guarantee of material simplification of the issues. That will be the case if defendants are not bound to any reexamination results beyond the one *inter partes* reexamination Shibuya Kogyo requested, and even with that reexamination Shibuya Hoppmann and Hood appear to be trying to preserve an argument that such an estoppel effect will not apply to them. If simplification is indeed the goal, rather than further delay, then the Court and the parties, and not just the PTO, could further that goal, including with stipulations as those prescribed in the *Premier* case. In fact, both the Court and Steuben have suggested proposals to further the simplification of issues in tandem with the PTO reexaminations and to expedite the overall prosecution of the action, but defendants resist, which suggests that simplification is not the primary goal. If defendants want at this point to stay the case, then they should agree to conditions that would ensure actual simplification.

As to *Nippon Steel*: Steuben had made the point that in cases where claims have already emerged from or were not subject to reexamination, the justification for a stay is undermined. See Opposition, Shibuya Dkt. 116, at p.12. In response, defendants' Reply argued that "[c]ourt after court has [] granted a stay even when some claims may survive reexamination" (Reply at 3 & n.2), and the June 3 Letter repeats the assertion. At oral argument, Steuben pointed out that in only one of the cases for this proposition in defendants' Reply was the situation such that some claims had *already* survived reexamination,[1] and Steuben raised the *Nippon Steel* case as it is the same court, the District of New Jersey, addressing the issue more directly and more recently (last month in fact), finding that the survival of some asserted claims weighs against the justification for a stay. Defendants clearly misread or overlook the relevant section of that opinion and state that the case "do[es] not support the proposition [Steuben] asserts." June 3 Letter at 3. To the contrary, the District of New Jersey court found, explicitly, the very proposition for which Steuben cited the case at oral argument, in a section in fact entitled: "**The Stay Request is Undermined by the USPTO's Confirmation of Certain Patent Claims**". *See Nippon Steel & Sumito Metal Corp., v. Posco and Posco America Corp.,* 2013 U.S. Dist. LEXIS 62710, at *21 (D.N.J. May 2, 2013) (emphasis in original section heading). The Court explained that the PTO's confirmation of two claims "seriously undermines the concept of a patent stay" because the Court and the parties will still incur many of the same costs, including much of the same infringement discovery, regardless of what happens with the remainder of the claims under reexamination.[2]

The reasoning of the District of New Jersey in the relevant section of the Nippon Steel opinion clearly applies here where, for example, Claim 19 of the '188 Patent, which implicates the entirety of the aseptic filling equipment accused of infringement, has been confirmed. See Hood Dkt. 81-3, Exhibit A attached to Declaration of Christopher Funk, April 23, 2013 Office Action. That means that discovery will not be narrowed by any reexamination activities where the overall function of the accused machines and their various components and subsystems will

---

[1] That one case was *Oy Ajat, Ltd. V. Vatech, Am., Inc.*, 2012 US. Dist LEXIS 3443 (D.N.J. March 29, 2012).

[2] The Court then proceeded in the next section (that which is quoted and discussed in defendants' June 3 Letter) to explain that the presence of non-patent claims in that case further undermined defendants' arguments for a stay.

Hon. Jeremiah J. McCarthy
June 5, 2013
Page 3

need to be analyzed for infringement purposes regardless of what else occurs during reexamination.[3]

  Finally, the June 3 letter completely misses the proposition for which Steuben cited the *Avago* case at oral argument, positing instead that it was cited for "the apparent proposition that if claims survive reexamination, a stay may not significantly simplify the issues in litigation." See Letter at 2-3. *Avago* was not cited for the simplification proposition, but rather in rebuttal of defendants' argument in their Reply that no prejudice should be considered, even though Steuben is a competitor in the marketplace, because Steuben did not seek a preliminary injunction. See Reply at pp. 4-5 & n. 4. Noting that there are several factors in deciding whether or not to file a preliminary injunction motion, many having nothing to do with the risk of irreparable harm, the court in *Avago* refused to find that because plaintiff did not seek a preliminary injunction the prejudice from a stay could be ignored. *See Avago Technologies Fiber IP (Singapore) PTE. LTD., v. Iptronics Inc.,* 2011 U.S. Dist. LEXIS 82665, at *17-19 (N.D. Cal., July 28, 2011). That is the point on which Steuben actually cited *Avago* at oral argument, and the case clearly supports the proposition.

            Respectfully submitted,

            */s/ Joseph L. Stanganelli*


cc: William D. Christ, Esq.
   Scott T. Peloza, Esq.
   J.C. Rozendaal, Esq.
   Melanie L. Bostwick, Esq.
   Christopher C Funk, Esq.

---

[3] Rather than address the surviving claim issue directly, the June 3 Letter repeats the Reply's straw man argument that simplification of issues does not require elimination of all issues (a different proposition than that made by Steuben) with citation again to cases which are not discussing and addressing the justification for a stay where claims have already survived, as discussed and addressed in *Nippon Steel*.