UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                **REPORT AND RECOMMENDATION**

                                    Plaintiff,

v.                                                         1:10-cv-00781-EAW-JJM

SHIBUYA HOPPMANN CORP.,
SHIBUYA KOGYO CO., LTD., and
HP HOOD LLC,

                                    Defendants.
_____

            Before the court is defendants' "Renewed Motion to Dismiss or Transfer Due to

Improper Venue" [340], [1] based upon the Supreme Court's May 22, 2017 decision in TC

Heartland LLC v. Kraft Foods Group Brands LLC, ___U.S.___, 137 S. Ct. 1514 (2017).

Following oral argument on September 28, 2017 [352], by Report and Recommendation

("R&R") dated October 19, 2017 [353], I recommended that the motion be denied, for reasons

which need not be repeated here.

            Thereafter, the parties called to my attention the Federal Circuit's November 15,

2017 decision in In re: Micron Technology, Inc., 875 F.3d 1091. By Text Order dated November

16, 2017 [361] I vacated my R&R, pending further briefing from the parties as to Micron's effect

(if any) upon defendants' venue motion. I have considered the parties' supplemental submissions

in that regard [366-67, 369-70]. While Steuben concedes that Micron "does undermine the basis

for the R&R", it argues that Micron "nevertheless provides this Court with an alternative basis

for denying Defendants' motion". Steuben's Supplemental Brief [366], p. 2 of 13. I agree. For

the following reasons, I recommend that the Renewed Motion be denied at this time, without

prejudice to possible further renewal upon completion of claim construction.

_____
[1]          Bracketed references are to CM/ECF docket entries.

**DISCUSSION**

Familiarity with my prior R&R and with <u>Micron</u> is presumed. Defendants argue

that in light of <u>Micron</u>, "it is undisputed that [they] did not waive their venue objection by failing

to raise it before the Supreme Court decided <u>TC Heartland</u>". Defendants' Responsive Brief

[370], p. 8 of 9. While that may be true, <u>Micron</u>  makes clear that "waiver . . . is not the only

basis on which a district court might reject a venue defense for non-merits reasons, such as by

determining that the defense was not timely presented". <u>Id.</u> at 1094. "Rule 12(h)(1) identifies

certain situations as triggering a conclusion of *waiver*. It does not state that there is no other basis

on which a district court might find a defendant to have *forfeited* an otherwise-meritorious venue

defense." <u>Id.</u> at 1100 (emphasis added).[2]

"There is a critical distinction between waiver and forfeiture of a defense." <u>Burns</u>

<u>v. Imagine Films Entertainment, Inc.</u>, 198 F.R.D. 593, 603 (W.D.N.Y. 2000). "Whereas

forfeiture is the failure to make the timely assertion of a right, waiver is the intentional

relinquishment or abandonment of a known right." <u>United States v. Olano</u>, 507 U.S. 725, 733

(1993). <u>Micron</u> notes that "apart from the Federal Rules, Congress has provided express statutory

confirmation of judicial authority to consider the timeliness and adequacy of a venue objection:

28 U.S.C. § 1406(b) provides that '[n]othing in this chapter shall impair the jurisdiction of a

district court of any matter involving a party who does not interpose timely and sufficient

---

[2]      Defendants argue that "Steuben has never argued that Defendants forfeited their waiver objection, and it should not be heard to raise such an argument now." Defendants' Brief in Response [367], p. 7 of 11. However, just as defendants cannot be faulted for failing to earlier raise the venue arguments discussed in <u>TC Heartland</u>, Steuben cannot be faulted for failing to earlier raise the forfeiture arguments discussed in <u>Micron</u>.

objection to the venue'. . . . Being a privilege, venue may be lost. It may be lost by failure to assert it seasonably". 875 F.3d at 1101.

  The words "timely" and "seasonably" are synonymous: "timely" means "done or occurring at a suitable time", and "seasonably" means "suitable to or in keeping with the . . . circumstances: timely". Webster's Third New International Dictionary, pp. 20049, 2395 (2002). Micron makes clear that whether a venue objection is "timely" does not necessarily depend on when it became available: "whereas the waiver rule of Rule 12(g)(2) and (h)(1)(A) requires a focus on the time the TC Heartland venue objection was 'available' for the district court to adopt (*i.e.*, on or after May 22, 2017), the non-Rule authority's general concern with timeliness is not necessarily so limited." 875 F.3d at 1101-02.

  While warning that the court's authority to find forfeiture (as opposed to waiver) of a venue objection "must be exercised with caution . . . . [W]e are not suggesting that the lee-way to find such forfeiture is broad" (id. at 1101, 1102), Micron recognizes that the forfeiture determination can flow from the court's "inherent powers . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases". Id. at 1100; *see also* Dietz v. Bouldin, ___U.S.___,136 S. Ct. 1885, 1892 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

  Thus, in determining whether the venue objection is "timely" or "seasonable", Micron does not foreclose consideration of factors "which may implicate efficiency or other interests of the judicial system and of other participants in the case". 875 F.3d at 1102. For example, in Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177 (1929) (cited by Micron, 875 F.3d at 1101), the Court held that "[i]n common practice objections to

venue are presented and acted upon at an earl[y] stage . . . . To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure". 278 U.S. at 180.

While I do not fault defendants for the timing of their Renewed Motion, I cannot ignore the fact that this case has been pending for over seven years. Although it has not been formally consolidated with the other Steuben actions involving the same patents, by agreement of the parties the actions have been *de facto* consolidated for purposes of pretrial procedure and claims construction pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), and the initial Markman hearing is scheduled to commence before me on January 31, 2018. The court and the parties to these actions all have a significant interest in consistent interpretation of Steuben's patent claims.

The court's "inherent power to control its docket . . . includes the authority to decide the order in which to hear and decide pending issues." Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 218 (5th Cir. 1998); Steuben Foods, Inc. v. Nestle USA, Inc., 2015 WL 13545911, *2 (W.D.N.Y. 2015). Steuben argues that "[i]n situations like this, courts have exercised their discretion to defer transfer motion until after claim construction". Steuben's Response [369], p. 8. "This serves two important purposes. First, it conserves judicial resources by requiring only one district court to address the underlying disputed claim terms. The claim construction process requires a thorough understanding of the technology at issue, often demanding a substantial investment of time and energy. It does not make sense for two courts to plow the same ground. Second, this case management approach ensures that the related patent cases proceed initially on a consistent claim construction, thus avoiding inconsistent rulings."

Norman IP Holdings, LLC v. Lexmark International, Inc., 2012 WL 3307942, *4 (E.D. Tex. 2012).

        *See also* Innovative Communications Technologies, Inc. v. Vivox, Inc., 2012 WL 4738979, *8 (E.D. Va.  2012) ("for the purpose of the Markman hearing, the Court finds that the efficiency of the judicial process, economy of judicial resources . . . and the risk of inconsistent judgments all demonstrate that the interests of justice weigh heavily against transfer of venue in this matter at the present time"); J.R. Simplot Co. v. McCain Foods USA, Inc., 2017 WL 5192223, *3 (D. Idaho 2017) ("after the *Markman* hearing and the completion of discovery, the Court would entertain a Motion to Sever for trial if circumstances arise which would warrant such action; but for now the cases will be consolidated. Here, the benefits outweigh any disadvantages which may exist. Common questions of law and fact exist between the two cases and consolidation will serve judicial economy, and avoid inconsistent results").

        Upon completion of claim construction, defendants may (if so inclined) again renew their motion for transfer of venue. *See*, *e.g*., FOX Factory, Inc. v. SRAM, LLC, 2018 WL 317839, *2 (N.D. Cal. 2018) (granting a motion for transfer of venue where "claim construction has been completed" even though "trial is less than a year away"). While I cannot predict whether such a motion would be granted, it would be given careful consideration.

## CONCLUSION

        For these reasons, I recommend that defendants' Renewed Motion [340] be denied, without prejudice to further renewal at a later date.  Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by January 30, 2018.

Any requests for extension of this deadline must be made to District Judge Elizabeth Wolford.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 16, 2018

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge