IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEUBEN FOODS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SHIBUYA HOPPMANN CORP., <br> SHIBUYA KOGYO CO., LTD., <br> and HP HOOD LLC, <br><br> *Defendants*. | Case No.: 1:10-cv-00781-EAW-JJM <br><br> REPLY MEMORANDUM IN SUPPORT OF SHIBUYA HOPPMANN, SHIBUYA KOGYO, AND HP HOOD'S SECOND RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER DUE TO IMPROPER VENUE |

**TABLE OF CONTENTS**

I.   This Court should not consider Steuben's response because its wholesale "incorporation" of arguments from earlier briefs is procedurally improper. ........................1

II.  Steuben's earlier arguments are inapposite in any event because they have been mooted or foreclosed by more recent developments. ..................................................2

III. Conclusion ...................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Casciani v. Nesbitt*,
   392 F. App'x 887 (2d Cir. 2010) ............................................................................................. 1

*Chubb & Son Inc. v. Kelleher*,
   2006 WL 2711543 (E.D.N.Y. Sept. 21, 2006) ....................................................................... 1

*Fox Factory, Inc. v. SRAM, LLC*,
   2018 WL 317839 (N.D. Cal. Jan. 8, 2018) ............................................................................. 3

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017) ............................................................................................... 3

*In re Oath Holdings Inc.*,
   908 F.3d 1301 (Fed. Cir. 2018) ............................................................................................... 3

*Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   211 F. Supp. 3d 528 (E.D.N.Y. 2016) .................................................................................... 1

*In re Shibuya Hoppmann Corp.*,
   Case No. 2018-136 (Fed. Cir. May 1, 2018) (unpublished) ..................................................... 4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................... 2, 3, 4

Shibuya has conclusively demonstrated that this case should be dismissed or transferred to the District of Delaware. Venue is undisputedly improper here, and Shibuya has not forfeited its venue objection. *See* Dkt. 448-1. Prompt dismissal or transfer of this case is thus warranted.

Steuben's response to Shibuya's motion does nothing to rebut that showing. Indeed, Steuben's response contains no substantive argument at all. Instead, Steuben simply cites to four of its earlier briefs on the venue issue without further explanation. *See* Dkt. 451 at 1 (citing Dkt. 343; Dkt. 366; Dkt. 369; Dkt. 378).

**I.     This Court should not consider Steuben's response because its wholesale incorporation of arguments from earlier briefs is procedurally improper.**

To begin with, Steuben's filing should be disregarded entirely because this blanket incorporation-by-reference strategy is inappropriate. Courts routinely reject filings that "merely incorporate by reference arguments that had been presented earlier." *Chubb & Son Inc. v. Kelleher*, 2006 WL 2711543, at *2 (E.D.N.Y. Sept. 21, 2006) (collecting cases). In *Chubb & Son*, the court "h[eld] that a party does not state a valid objection to an R & R when it merely incorporates by reference filings that predate the R & R and provides a fragmentary and incomplete summary of one of several arguments presented in those filings." *Id.* A similar conclusion is appropriate here: the Court should reject Steuben's attempt to respond to Shibuya's motion by a wholesale incorporation by reference of *every argument* Steuben made across *four* separate briefs. Indeed, Steuben's response—unlike the brief in *Chubb & Son*—does not even try to provide a summary (even a "fragmentary and incomplete" one) of its earlier arguments. That is improper. *See id.*; *Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 211 F. Supp. 3d 528, 533 n. 3 (E.D.N.Y. 2016) ("not[ing] with extreme disapproval" party's attempt to incorporate 49-page declaration into a brief with "a single sentence"); *cf. Casciani v. Nesbitt*, 392 F. App'x 887, 889 (2d Cir. 2010) ("[M]erely incorporating by reference an argument presented to the

District Court or asserting an issue without advancing an argument does not suffice to adequately raise an issue for appellate review.").

This Court should thus disregard Steuben's response and grant Shibuya's requested relief.

## II. Steuben's earlier arguments are inapposite because they have been mooted or foreclosed by more recent developments.

If the Court considers Steuben's earlier arguments on the merits, it should reject them, because each one is either (i) foreclosed by intervening precedent or (ii) no longer applicable, given the current posture of the case.

Before addressing those arguments, however, it is worth emphasizing what arguments Steuben has *not* made. First, Steuben has never disputed that, under *TC Heartland*'s interpretation of the patent-venue statute, venue is improper in this district with respect to Shibuya Hoppmann and HP Hood. *See* Dkt. 448-1 at 6-10; Hr'g Tr. 7:3-8 (Sept. 28, 2017) ("MR. ROZENDAAL: Okay, so then I gather that it's understood that if *TC Heartland* applies to this case, if the interpretation of the statute from *TC Heartland* is applied to this case, then venue would not be proper here for Shibuya and Hood? MAGISTRATE JUDGE MCCARTHY: Right."). Steuben cannot dispute that because neither defendant (i) is incorporated or organized in New York or (ii) has committed acts of infringement in this district. Second, Steuben has never disputed that, if the cases against Shibuya Hoppmann and HP Hood are transferred to the District of Delaware, the case against Shibuya Kogyo should be as well.

The arguments Steuben *has* made are wrong. And they are even more clearly wrong now than they were when Steuben originally made them.

**A.** Steuben's opposition to Shibuya's initial renewed motion to dismiss or transfer made two arguments: (i) *TC Heartland*'s interpretation of the venue statute does not apply to the version of the statute that was in effect in 2010, when the case against Shibuya Hoppmann was

2

filed; and (ii) Defendants waived their objections to venue by failing to raise those objections until after the Supreme Court decided *TC Heartland*. *See* D.I. 343.

The Federal Circuit decisively rejected both arguments in *In re Micron*, 875 F.3d 1091 (Fed. Cir. 2017). *Micron* confirmed that *TC Heartland*'s holding "encompassed both [the 1988 and 2011] amendments" to the general venue statute, *Micron*, 875 F.3d at 1099, meaning that *TC Heartland* applies to this case. *Micron* also held that *TC Heartland* "changed the controlling law" on patent venue, meaning that parties could file a Rule 12 motion to dismiss based on *TC Heartland* despite the waiver rule of Rule 12(h). *Micron*, 875 F.3d at 1094. Indeed, Steuben admitted after *Micron* came down that its two arguments on this score are no longer viable. *See* Dkt. 366 at 1, 3.

**B.**     Steuben's supplemental briefing following the *Micron* decision set forth two new arguments against dismissal or transfer: (i) Shibuya forfeited its venue objection by "actively litigating" this case between 2010 and the date of the *TC Heartland* decision; and (ii) it would be more efficient to keep the case in this district in light of the claim-construction proceedings that had been coordinated among the various cases filed by Steuben. *See* Dkt. 366; Dkt. 369.

Like Steuben's earlier waiver argument, Steuben's forfeiture argument has now been rejected by the Federal Circuit. The Court held in *In re Oath Holdings*, 908 F.3d 1301 (Fed. Cir. 2018), that pre-*TC Heartland* participation in a case is irrelevant to the forfeiture inquiry. *See id.* at 1306. As the court observed, a defendant "cannot be faulted for waiting to present a venue objection until after *TC Heartland* was decided," since "the defense could not properly have been adopted by the district court [prior to] that time." *Id.* In other words, before *TC Heartland*, Shibuya "had no choice but to 'affirmatively participate'" in the case. *Fox Factory, Inc. v. SRAM, LLC*,

3

2018 WL 317839, at *3 (N.D. Cal. Jan. 8, 2018). The alternative was a default judgment or a finding of contempt.

Moreover, this Court has explicitly stated that Shibuya's *post-TC Heartland* participation "will in no way . . . be deemed a waiver of [Shibuya's] position that [Shibuya's] case belongs in the District of Delaware," because Shibuya has steadfastly maintained its venue objection since shortly after *TC Heartland* came down. Hr'g Tr. 58:16-59:5 (Apr. 30, 2018). That accords with the Federal Circuit's instruction in its mandamus ruling that this Court should "not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against [Shibuya's] request." *In re Shibuya Hoppmann Corp.*, No. 2018-136 (Fed. Cir. May 1, 2018), Dkt. 13 at 3 (unpublished).

Steuben's second contention—that it would be more efficient to keep the case here in light of the coordinated claim-construction proceedings—has likewise been undercut by recent developments. The claim-construction proceedings thus far have focused on a single term: "aseptically disinfecting." The Magistrate Judge has partially construed that term and recommended, based on that construction, that the Court hold certain claims invalid for lack of written description. Dkt. 424 at 12. As far as the remaining claim terms go, the Magistrate Judge has acknowledged that he does not "have a huge advantage over any other judge in this or any other district who might take a look at" those terms. Dkt. 430 at 28. Moreover, following the Court's final resolution of the issues relating to "aseptically disinfecting," the interests of the defendants in the various cases filed by Steuben will continue to diverge (to the extent their respective cases survive at all). That means the cases will likely have to proceed on separate tracks regardless of whether they are in the same court. As a result, there are no longer any judicial efficiencies to be realized by keeping Shibuya's case in this district.

**C.** Steuben's response to Shibuya's objections to the Magistrate Judge's R&R on Shibuya's initial renewed venue motion endorsed the Magistrate Judge's decision to defer ruling on the venue issue "until after the coordinated claim construction proceedings." Dkt. 378 at 3. The time to decide the issue has now come. As explained above, the Court has completed the proceedings on the "aseptically disinfecting" term (save for the district court's ruling on the parties' objections on that term). And the Magistrate Judge himself has indicated that he has no real advantage over another judge with respect to the remaining claim terms. Accordingly, now (or right after the Court rules on the pending objections) would be the perfect time for transfer. The Court will have completed the "aseptically disinfecting" portion of the *Markman* proceedings in a coordinated fashion and realized the efficiency gains resulting from that procedure. If this case is not dismissed, the Delaware court can proceed with construing the terms that are disputed as between Steuben and Shibuya and Hood. And this Court can proceed to efficiently resolve the (distinct) issues that remain to be litigated by the parties in the cases that stay here.

### III. Conclusion

It is undisputed that venue is improper in this district as to Shibuya Hoppmann and HP Hood, and now is the appropriate time for transfer. Shibuya respectfully requests that the Court grant its motion and dismiss this case or transfer it to Delaware.

| | |
|---|---|
| Dated: April 8, 2019 | Respectfully submitted, |
| | By  /s/ *J.C. Rozendaal* |
| William D. Christ | J.C. Rozendaal, *pro hac vice* |
| PHILLIPS LYTLE LLP | Byron L. Pickard, *pro hac vice* |
| One Canalside, 125 Main Street | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| Buffalo, New York 14203-2887 | 1100 New York Avenue, N.W. |
| 716-847-8332 (phone) | Washington, D.C. 20005 |
| wchrist@phillipslytle.com | (202) 371-2600 (phone) |
| | (202) 371-2540 (fax) |
| | jcrozendaal@sternekessler.com |
| | bpickard@sternekessler.com |

*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*