

COOK ALCIATI
DIRECT: 703-721-8379
CALCIATI@GARDELLAGRACE.COM
WWW.GARDELLAGRACE.COM

GARDELLA GRACE P.A.
80 M STREET SE, 1ST FLOOR
WASHINGTON, DC 20003
MAIN: 703-556-9600
FAX: 703-740-4541

July 23, 2019

Via ECF

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re:   *Steuben Foods, Inc. v. Shibuya Hoppman Corporation et al.*, No. 1:10-cv-00781

Dear Judge McCarthy:

Plaintiff Steuben Foods, Inc., respectfully submits this Letter Brief in accordance with Your Honor's July 16, 2019 Text Order [Dkt. 461] and in response to Defendants' supplemental authority [Dkt. 460] filed July 15, 2019, regarding Defendants' Second Renewed Motion To Dismiss Or, In The Alternative, Transfer Due To Improper Venue [Dkt. 448].

The submitted supplemental authority, *Westech Aerosol Corp. v. 3M Co.*, No. 2018-1699, 2019 WL 2896381 (Fed. Cir. July 5, 2019) [Dkt. 460-1], is inapposite to the issue before this Court on Defendants' Second Renewed Motion. Both cases involve venue motions presented following the Supreme Court's 2017 decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017), but any similarity ends there.

The Court is well aware of the history and circumstances of this case and the related cases based on the same patents (*Steuben Foods, Inc. v. Oystar Group et al.*, No. 1:10-cv-00780-EAW-JJM; *Steuben Foods, Inc. v. GEA Process Eng'g et al.*, No. 1:12-cv-00904-EAW-JJM; *Steuben Foods, Inc. v. Jasper Products, LLC*, No. 1:13-cv-01118-EAW-JJM; and *Steuben Foods, Inc. v. Nestlé U.S.A., Inc.*, No. 1:13-cv-00892-EAW-JJM). In that context, after years of litigation and on the eve of claim construction in the coordinated related cases, Defendants filed their first renewed venue motion following the *TC Heartland* decision.

While the parties litigated the issues presented, the Federal Circuit issued its decision in *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). As this Court recognized in connection with Shibuya's First Renewed Venue Motion, *Micron* explained that "the district court retained the

*Steuben Foods, Inc. v. Shibuya Hoppman Corporation et al.,* No. 1:10-cv-00781
July 23, 2019

authority to find that a venue objection had been forfeited based on 'sound determinations of untimeliness or consent," even if the Court could not find waiver of the venue defense. March 16, 2018 Decision and Order (Wolford, J.) [Dkt. 380] at 4-5 (quoting *Micron*, 875 F.3d at 1101). Judge Wolford found that "there was a colorable basis to conclude" that venue had been forfeited under Your Honor's analysis of *Micron* and the facts here [Dkt. 380 at 5, citing Dkt. 371 at 4], and adopted the January 16, 2018 Report and Recommendation (McCarthy, J.) [Dkt. 371], which recommended denial of Defendants' motion without prejudice to renewal upon completion of claim construction. On Defendants' Second Renewed Motion now, the question presented remains forfeiture.

The *Westech* decision does not address the forfeiture issue (or even waiver) at all because the circumstances there are nothing like those here. Indeed, the Federal Circuit's *Micron* decision is not mentioned, let alone analyzed. The *Westech* decision instead addresses a pleading stage motion, wherein the Federal Circuit analyzed the sufficiency of the venue allegations in the complaint and rejected plaintiff's argument relying on a presumption that allegations of the complaint are true, where the pleading merely parroted the venue statute. The Federal Circuit thus affirmed the district court's decision finding that the plaintiff failed to allege sufficient facts under the venue statute (§ 1400(b)) to establish that the defendant had a regular and established place of business in the district and dismissing the case without prejudice.

The facts, procedural posture and issue in *Westech* and in this case are wholly dissimilar. Steuben has briefed the forfeiture issue as applied to the circumstances here [*see, e.g.,* Dkt. Nos. 366, 369, and 378]. This case presents a unique and distinct procedural history, including the considerations arising from the related cases on the same patents with common questions of fact and law, such as efficiency of the judicial process, economy of judicial resources, and the risk of inconsistent judgments. [*See* Dkt. 371 at 2-5; Dkt. 380 at 4-7]. *Westech* does not weigh in favor of granting Defendants' Second Renewed Motion.

Respectfully submitted,

W. Cook Alciati

Cc: Counsel of record

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 23, 2019, I caused the foregoing document to be served electronically on Defendants' counsel of record by filing same with the Court's ECF system.

                                                                                                         _/s/ *Joseph L. Stanganelli*_
                                                                                                             Joseph L. Stanganelli