

**J.C. ROZENDAAL**
DIRECTOR
202.772.8747
FAX: 202.371.2540
JCROZENDAAL@STERNEKESSLER.COM

July 26, 2019

The Honorable Jeremiah J. McCarthy                                                                            *Via ECF*
United States Magistrate Judge
United States District Court
  for the Western District of New York
2 Niagara Square
Buffalo, New York 14202

      Re:    *Steuben Foods, Inc. v. Shibuya Hoppmann Corp. et al.*,
            No. 1:10-cv-00781-EAW-JJM

Dear Judge McCarthy,

      Defendants Shibuya Hoppmann Corporation ("Shibuya Hoppmann"), and HP Hood LLC ("Hood") (collectively, "Shibuya and Hood"), respectfully submit this Letter Brief in response to Your Honor's Text Order of July 16, 2019 (Dkt. 461) and in response to Plaintiff Steuben Foods, Inc. ("Steuben")'s Letter Brief filed July 23, 2019 (Dkt. 462). The recent opinion of the Federal Circuit affirming the dismissal of a patent infringement case due to improper venue in *Westech Aerosol Corp. v. 3M Co.*, No. 2018-1699, 2019 WL 2896381 (Fed. Cir. July 5, 2019) is pertinent to the pending Second Renewed Motion to Dismiss or Transfer due to Improper Venue ("Second Renewed Venue Motion"). *Westech* confirms the principle that, to avoid dismissal or transfer due to improper venue in a patent case, the plaintiff must plead *specific facts*—not merely conclusory allegations or legal conclusions—establishing that the district where the suit was brought is a proper venue under 28 U.S.C. § 1400(b).

      That statutory section has two prongs: Venue in a patent infringement case is proper either in "the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In the present case, Steuben has not alleged facts indicating that either Shibuya Hoppmann or Hood satisfies either prong of that test, nor could Steuben responsibly do so. It is therefore abundantly clear that venue is not proper in this District as to these defendants.

      *Westech* confirms that questions of venue are legal issues subject to de novo review on appeal. Slip Op. at 5. The Federal Circuit held that the plaintiff has the burden of establishing proper venue. *Id.* (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)). The Federal Circuit held, further, that the plaintiff must plead facts establishing venue if it wishes to avoid dismissal because "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* at 6 (quoting *McZeal v. Sprint*

*Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotation marks and citation omitted).

The district court in *Westech* had dismissed Westech's case due to Westech's failure to meet its burden of pleading facts sufficient to establish proper venue. When Westech appealed on the ground that it should not have to plead additional facts to avoid dismissal, the Federal Circuit deemed Westech's appeal, as argued, to be "frivolous." Slip Op. at 8. The Federal Circuit refrained from sanctioning Westech only due to the "unique procedural posture" of the case— namely, because the Federal Circuit's *ZTE* decision had not come out at the time the appeal was filed, so the question of who had the burden to show the facts establishing proper venue had not yet been explicitly decided. *Id.*

Now that *ZTE* and *Westech* have been decided, however, Steuben has no excuse for continuing to oppose dismissal or transfer of its case against Shibuya and Hood on venue grounds. Steuben's arguments are every bit as weak, under current law, as those that nearly resulted in sanctions in *Westech*.

Steuben essentially concedes that it cannot plead relevant facts supporting venue in this District when it says in its July 23 Letter Brief that the question before the Court is one not of proper venue but rather of "forfeiture." Dkt. 462 at 2. But Steuben conveniently omits from its Letter Brief (and, indeed, all of its other briefs, too) any mention of *In re Oath Holdings Inc.*, 908 F.3d 1301 (Fed. Cir. 2018), a case cited in Shibuya and Hood's Second Renewed Venue Motion that rejects Steuben's forfeiture theory and holds that pre-*TC Heartland* participation in a case is irrelevant to the forfeiture inquiry. *See id.* at 1306. As the Federal Circuit observed, a defendant "cannot be faulted for waiting to present a venue objection until after *TC Heartland* was decided," since "the defense could not properly have been adopted by the district court [before] that time." *Id.*

Moreover, this Court has explicitly stated that Shibuya and Hood's post-*TC Heartland* participation "will in no way . . . be deemed a waiver of [Shibuya and Hood's] position that [Shibuya and Hood's] case belongs in the District of Delaware," because Shibuya and Hood have steadfastly maintained their venue objection since shortly after *TC Heartland* came down. Hr'g Tr. 58:16-59:5 (Apr. 30, 2018). That accords with the Federal Circuit's instruction in its mandamus ruling in this case that this Court should "not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against [Shibuya and Hood's] request." *In re Shibuya Hoppmann Corp.*, No. 2018-136 (Fed. Cir. May 1, 2018), Dkt. 13 at 3 (unpublished). Accordingly, Shibuya and Hood have not forfeited their rights to litigate this case in a proper venue. And *Westech* underscores the flimsiness of Steuben's opposition to the pending Second Renewed Venue Motion.

                                    Respectfully submitted,

                                    STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                                    J.C. Rozendaal

cc: Counsel of Record