IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEUBEN FOODS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SHIBUYA HOPPMANN CORP.,<br>SHIBUYA KOGYO CO., LTD.,<br>and HP HOOD LLC,<br><br>*Defendants.* | Case No.: 1:10-cv-00781-EAW-JJM<br><br><u>MEMORANDUM IN SUPPORT OF SHIBUYA HOPPMANN, SHIBUYA KOGYO, AND HP HOOD'S THIRD RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER DUE TO IMPROPER VENUE</u> |

**TABLE OF CONTENTS**

I. Background ............................................................................................................. 2

    A. Procedural History ....................................................................................... 2

    B. Legal Overview ............................................................................................ 6

II. Argument ................................................................................................................ 7

    A. Venue is not proper in this District as to Shibuya Hoppmann and HP Hood because neither defendant resides here and neither is accused of committing any infringing acts in this District. ....................................................................... 7

        1. Neither Shibuya Hoppmann nor HP Hood "resides" in this District because neither is incorporated or organized in New York. ........................................... 7

        2. Steuben has not alleged that either Shibuya Hoppmann or HP Hood committed acts of infringement in this District and has a regular and established place of business in this District. ................................................................ 9

    B. This Court should dismiss this case or, in the alternative, transfer this case to the District of Delaware, where venue would be proper as to all three defendants. ........ 10

    C. Shibuya has not forfeited its right to a proper venue. ............................................. 11

    D. Now is the appropriate time to grant the motion because this Court has not invested time and energy construing the disputed claim terms specific to Shibuya. .............. 13

III. Conclusion ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
  406 U.S. 706 (1972) ............................................................................................................. 11

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ............................................................................................ 10

*Denver & R.G.W.R. Co. v. Brotherhood of R.R. Trainmen*,
  387 U.S. 556 (1967) ........................................................................................................... 8, 9

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ..................................................................................................... 2, 6, 7

*Fox Factory, Inc.* v. SRAM, LLC,
  2018 WL 317839 (N.D. Cal. Jan. 8, 2018) ........................................................................... 12

*High 5 Games, LLC v. Marks*,
  2019 WL 3761114 (D.N.J. Aug. 9, 2019) ............................................................................. 12

*In re HTC Corp.*,
  889 F.3d 1349 (Fed. Cir. 2018) ......................................................................................... 2, 11

*In re Micron Tech., Inc.*,
  875 F.3d 1091 (Fed. Cir. 2017) ............................................................................................ 11

*In re Oath Holdings Inc.*,
  908 F.3d 1301 (Fed. Cir. 2018) ...................................................................................... 12, 13

*In re Shibuya Hoppmann Corp.*,
  Case No. 2018-136 (Fed. Cir. May 1, 2018) (unpublished) .............................................. 4, 13

*Sperry Prods., Inc. v. Ass'n of Am. R.R.s*,
  132 F.2d 408 (2d Cir. 1942) ................................................................................................ 8, 9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ................................................................................................. passim

*Tiernan v. Westext Transp., Inc.*,
  243 F. Supp. 566 (S.D.N.Y. 1965) ........................................................................................ 10

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ................................................................................................... 6

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) .................................................................................. 6

**Statutes**

28 U.S.C. § 109 (1940 ed.) (Mar. 3, 1911, ch. 231, § 48, 36 Stat 1100) ....................... 8

28 U.S.C. § 1391 .................................................................................................... 2, 6, 8, 9

28 U.S.C. § 1391(c) ................................................................................................... 11

28 U.S.C. § 1400(b) ............................................................................................. *passim*

28 U.S.C. § 1404 ........................................................................................................ 11

28 U.S.C. § 1404(a) ..................................................................................................... 2

28 U.S.C. § 1406 ......................................................................................................... 6

28 U.S.C. § 1406(a) .......................................................................................... 7, 10, 11

Jud. Code § 48 ............................................................................................................. 8

This case should be dismissed or transferred to the District of Delaware because the undisputed facts show that venue is not proper in this District as to two of the three defendants. The Court denied without prejudice Shibuya's[1] second renewed motion to dismiss or transfer for improper venue, noting that the Court preferred to defer consideration of the merits of the venue objection until after Judge Wolford ruled on pending objections to the Magistrate Judge's October 1, 2018 R&R, which recommended that one of the asserted claims be held invalid. On September 16, 2019, Judge Wolford ruled on those objections. *See* Dkt. 465.[2] In a separate order, Judge Wolford stated as follows:

> [G]iven the Court's resolution of those objections, and in light of the Federal Circuit's stated expectation that the venue issue will be resolved promptly, it strikes the Court that it may no longer be appropriate to complete claim construction prior to resolving Defendants' venue arguments. Instead, it appears that this would be an appropriate point in the proceedings for Defendants to file a renewed motion for consideration on the merits.

Dkt. 466 at 3. In accordance with Judge Wolford's suggestion, Shibuya hereby respectfully renews its motion. In light of the Federal Circuit's direction to resolve the venue issue promptly, and given that the Court has not yet invested the resources to consider the vast majority of the disputed claim terms, the time is ripe to resolve this venue motion.

Based on clear Federal Circuit law, Shibuya's motion should be granted. There is no dispute that (i) neither Shibuya Hoppmann nor HP Hood is incorporated or organized in New York, and (ii) neither Shibuya Hoppmann nor HP Hood has committed acts of infringement in this Judicial District (or anywhere in the State of New York). Venue is therefore improper in this District as to both Shibuya Hoppmann and HP Hood. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC*

---

[1] Shibuya Hoppmann Corp., Shibuya Kogyo Co., Ltd., and HP Hood LLC are referred to in this brief collectively as "Shibuya."

[2] "Dkt." citations refer to case number No. 10-781 unless otherwise indicated.

*v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017); *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957). Venue would be proper in the District of Delaware, and Shibuya Hoppmann and HP Hood ask this Court to dismiss them from this case or transfer it there.

Shibuya Kogyo likewise asks that the Court transfer the suit against it to the District of Delaware. Shibuya Kogyo is a foreign corporation, so it may be sued in any judicial district. *See In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Should this Court transfer the present litigation as to Shibuya Hoppmann and HP Hood, then the interests of justice and the convenience of the parties strongly suggest that the entire lawsuit, including the action against Shibuya Kogyo, should be transferred to Delaware. 28 U.S.C. § 1404(a).

This Court should grant Shibuya's motion to dismiss or, in the alternative, transfer this case to the District of Delaware.

I.   **Background**

   A.   **Procedural History**

Approximately nine years ago, on September 28, 2010, Steuben sued Shibuya Hoppmann, asserting that it infringed six Steuben patents. Compl., Dkt. 1 ¶¶ 30-32 (Sept. 28, 2010). Before answering Steuben's complaint, Shibuya Hoppmann moved to dismiss the case based on, among other things, improper venue. Dkt. 7; Dkt. 8 at 10-12 (Dec. 10, 2010). In that motion, Shibuya Hoppmann argued that the special venue provision of 28 U.S.C. § 1400(b), and not the general venue provision of § 1391, governed venue in this case and that venue was therefore limited to (i) the place of Shibuya Hoppmann's residence or (ii) where it had a regular and established place of business and committed an infringing act. Dkt. 8 at 10-12. Based on then-controlling case law, this Court denied Shibuya Hoppmann's motion, stating that "the venue point is a non-issue. Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. Therefore, no separate venue inquiry is necessary." Dkt. 38 at 12. Shibuya Hoppmann later

answered Steuben's complaint, maintaining its objection to venue in this Court.[3] Shibuya Hoppmann Answer, Dkt. 39 ¶¶ 9-10 (Sept. 6, 2011); *see also* Dkt. 1 ¶¶ 9-10.

Nearly two years after this suit began, Steuben added Shibuya Kogyo and HP Hood as defendants.[4] In answering Steuben's complaint, HP Hood denied in its Answer that venue was proper in this District. HP Hood Answer, No. 1:12-cv-00211-EAW-JJM, Dkt. 13 ¶ 7 (May 10, 2012); *see also* Steuben Compl., No. 1:12-cv-00211-EAW-JJM, Dkt. 1 ¶ 7 (Mar. 12, 2012). HP Hood did not file a motion to dismiss for improper venue, because doing so would have been futile in light of the Court's earlier denial of Shibuya Hoppmann's venue motion.

On July 13, 2017, Shibuya renewed its motion to dismiss or, in the alternative, transfer Steuben's complaint for improper venue. Based on the Supreme Court's decision in *TC Heartland*, Shibuya argued that venue is improper here because neither Shibuya Hoppmann nor HP Hood is incorporated in or has committed acts of infringement in the state of New York. Shibuya Hoppmann is a Delaware corporation; HP Hood is a Delaware limited liability company. Shibuya also explained that Steuben's final infringement contentions identify three Shibuya aseptic filling systems that are operated by HP Hood in Winchester, Virginia, and Sacramento, California—and they contain no contention of infringement in New York. Steuben's Disclosure of Asserted Claims and Final Infringement Contentions at 1 (March 31, 2016) (Dkt. 448-04).

The Magistrate Judge issued a Report and Recommendation ("Report") denying Shibuya's renewed motion. *See* Report and Recommendation, Dkt. 371 at 5 (Jan. 16, 2018). In the Report, the Magistrate Judge reasoned that "forfeiture determination[s] can flow from the Court's inherent

---

[3] Shibuya Hoppmann has maintained its venue objection throughout this case. Shibuya Hoppmann's Resp. to Steuben's First Set of Interrogs. (Nos. 1-8) (Dec. 15, 2011) (Dkt. 448-03).

[4] Shibuya Kogyo was added as a new defendant to this suit. HP Hood was sued in a separate suit, which was later consolidated with this case.

powers . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 3. However, the Magistrate Judge did not find forfeiture, because he could "not fault defendants for the timing of their Renewed Motion." *Id.* at 4. Instead, the Magistrate Judge recommended denying Shibuya's motion without prejudice, deferring consideration of the issue until after the completion of the pending claim-construction proceedings. *Id.* at 4-5.

Following Shibuya's objections to the Report, this Court adopted the recommendation to deny Shibuya's motion and agreed with the Report that it would be preferable to defer the merits of the venue objection until after the completion of claim construction. Dkt. 380 at 7 (Mar. 16, 2018).

Shibuya filed a petition for writ of mandamus with the U.S. Court of Appeals for the Federal Circuit, seeking an order directing this Court to dismiss the case or, in the alternative, transfer the case to the District of Delaware. *In re Shibuya Hoppmann Corp.*, No. 2018-136 (Fed. Cir. May 1, 2018) (unpublished), Dkt. 2. On May 1, 2018, the Federal Circuit denied Shibuya's Petition, concluding that Shibuya had failed to show that there were no adequate alternative means to seek dismissal or transfer. Relying on the Magistrate Judge's statement that the motion to dismiss "would be given careful consideration after the claim construction issues are resolved," the Federal Circuit determined that Shibuya could renew its motion at a later date. No. 2018-136, Dkt. 13 at 3 (internal quotation marks omitted). At the same time, the Federal Circuit stated that it "expect[ed] that the district court will promptly resolve the venue issues and will not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against Petitioners' request." *Id*.

Well over a year has passed since the Federal Circuit's decision instructing this Court to complete claim construction and resolve the venue issues. Since then, this Court has focused on a single claim term—"aseptically disinfecting"—and on certain validity issues that the Court

4

viewed as related to the proper construction of that term. Although the parties have completed claim-construction briefing, there has been no *Markman* hearing for the remaining terms, nor has the Court scheduled a *Markman* hearing. Indeed, during the status conference on October 4, 2018, the Magistrate Judge noted that, although he was familiar with the "aseptically disinfecting" term, he had "not spent a lot of time on any of the other claims" and did not know whether "[he] ha[s] a huge advantage over any other judge in this or any other district who might take a look at whatever else needs to be construed." Dkt. 430 at 27-28. The Magistrate Judge then suggested that it would be appropriate for Shibuya to renew its venue motion. *See id.* at 28.

Accordingly, on February 28, 2019, Shibuya filed a second renewed motion to dismiss or transfer for improper venue. On August 20, 2019, the Magistrate Judge recommended denying this motion without prejudice (the "Second Report"), stating that it would be preferable to defer ruling on the venue issue until Judge Wolford ruled on the parties' objections to an October 1, 2018 Report and Recommendation (which had partially construed the term "aseptically disinfecting" and, based on that construction, held claim 40 of the '188 patent invalid for lack of written description). Dkt. 464 at 1-2.

On September 16, 2019, Judge Wolford ruled on those objections. She declined to hold that claim 40 was invalid for lack of written description and concluded that, based on that ruling, the proper construction of "aseptically disinfecting" was "not ripe for . . . review." Dkt. 465 at 4. On the same day, Judge Wolford issued an order adopting the Second Report and denying without prejudice Shibuya's second renewed motion to dismiss or transfer. Dkt. 466. The Court stated, however, that, given the Court's ruling regarding claim 40 and the "aseptically disinfecting" term, "and in light of the Federal Circuit's stated expectation that the venue issue will be resolved promptly, it strikes the Court that it may no longer be appropriate to complete claim construction

5

prior to resolving Defendants' venue arguments." *Id.* at 3. "Instead," the Court stated, "it appears that this would be an appropriate point in the proceedings for Defendants to file a renewed motion for consideration on the merits." *Id.*

Accordingly, Shibuya files this third renewed motion.

**B.     Legal Overview**

As Shibuya Hoppmann stated in support of its pre-Answer motion to dismiss the complaint, "Congress has established a special statute governing venue in patent-infringement actions." Dkt. 8 at 10. Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district [i] where the defendant *resides*, or [ii] where the defendant has committed acts of infringement and has a regular and established place of business" (emphasis added). In 1957, the Supreme Court held that, for purposes of § 1400(b), domestic corporations "reside" solely in their state of incorporation. *Fourco*, 353 U.S. at 226.

In 1990, the Federal Circuit ruled that amendments to 28 U.S.C. § 1391 changed the scope of § 1400(b) and that *Fourco* was no longer good law. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990). The lower courts—including this one—understandably applied *VE Holding*'s broader interpretation of corporate residence under § 1400(b). In May 2017, however, the Supreme Court overturned *VE Holding* and reaffirmed the rule of *Fourco* that "reside[nce]" for purposes of "§ 1400(b) refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1521.

Where, as here, a case is filed in a district where venue is improper, 28 U.S.C. § 1406 governs the transfer of that case to a proper venue. *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Under § 1406, where venue is improper, a district court *must* either dismiss the case or transfer it to a proper venue: "The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or if it be in the interest of justice, transfer* such case to

6

any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

II.     **Argument**

    A.  **Venue is not proper in this District as to Shibuya Hoppmann and HP Hood because neither defendant resides here and neither is accused of committing any infringing acts in this District.**

Venue is not proper in this District as to Shibuya Hoppmann or HP Hood because Steuben has not established and cannot establish that either clause of § 1400(b) is satisfied. Neither defendant is incorporated in New York, and neither defendant has committed acts of infringement in this District. *See* 28 U.S.C. § 1400(b).

        1.  **Neither Shibuya Hoppmann nor HP Hood "resides" in this District because neither is incorporated or organized in New York.**

Venue is not proper under the first clause of 28 U.S.C. § 1400(b) because neither Shibuya Hoppmann nor HP Hood resides in this District. As Steuben alleged, and Shibuya Hoppmann admitted, Shibuya Hoppmann is a Delaware corporation. Dkt. 1 ¶ 3; Shibuya Hoppmann Answer, Dkt. 39 ¶ 3 (Sept. 6, 2011); Am. Compl. against Hoppmann and Kogyo, Dkt. 100 ¶ 3 (Aug. 8, 2012); Shibuya Hoppmann Answer to Am. Compl. and Countercls., Dkt. 106 ¶ 3 (Aug. 24, 2012). Therefore, for purposes of the patent-venue statute, Shibuya Hoppmann resides in Delaware. Proper venue cannot be established in this District based on Shibuya Hoppmann's residence.

HP Hood likewise does not reside here because, as Steuben alleged, and HP Hood admitted, HP Hood is a Delaware limited liability company. No. 1:12-cv-00211, Dkt. 1 ¶ 3; No. 1:12-cv-00211, Dkt. 13 ¶ 3. Although the *TC Heartland* and *Fourco* decisions address only where a domestic corporation "resides," the rule in those cases should apply to a domestic limited liability company as well. Nothing in *Fourco* or *TC Heartland* suggests that those rulings should be restricted to corporations. Quite the contrary: the entity whose residence was at issue in *TC*

7

*Heartland* was itself a limited liability company, which demonstrates that such entities should be treated like domestic corporations under Section 1400(b).

This makes sense. Domestic limited liability companies share many features in common with corporations. Like corporations, LLCs are legal persons and are organized under state law. Both have limited-liability features, can own and dispose of property in their own names, and can sue and be sued in their own names. And the courts historically have treated unincorporated associations, such as limited liability companies, the same as corporations for venue purposes. Before the general venue statute was enacted in 1948, Judge Learned Hand, writing for the Second Circuit, determined that the pre-1948 version of the patent-venue statute[5] required treating an association-in-fact with no legal existence or personhood as having a single residence for venue purposes. *See Sperry Prods., Inc. v. Ass'n of Am. R.R.s*, 132 F.2d 408, 411-12 (2d Cir. 1942). Judge Hand reasoned that "[§ 48] was passed to avoid" treating an association as an "inhabitant" of any place where it continuously carried on any business activities (i.e., anywhere it could be subjected to personal jurisdiction). *Id.* at 411.

The Supreme Court later cited *Sperry* for the principle of analogizing incorporated and unincorporated entities. In *Denver & R.G.W.R. Co. v. Brotherhood of Railroad Trainmen*, the first case in which the Supreme Court analyzed the residence of an unincorporated association after § 1391 expanded the definition of corporate residence, the Court determined that unincorporated associations should be treated like corporations under the general venue statute. *See* 387 U.S. 556,

---

[5] The pre-1948 version of the patent-venue statute, Jud. Code § 48, stated: "In suits brought for the infringement of letters patent, the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." 28 U.S.C. § 109 (1940 ed.) (Mar. 3, 1911, ch. 231, § 48, 36 Stat 1100).

559, 569 (1967). Specifically, the Court determined that an unincorporated association's residence should be limited to one specific place: "[W]e think that the question of the proper venue for [an unincorporated association] . . . should be determined by looking to the residence of the association itself rather than that of its individual members." *Id.* at 559. The *Denver* Court also cited Judge Hand's *Sperry* decision. *Id.* at 560. The Court stated: "[I]f it is assumed that Congress was aware of *Sperry* at all [when it enacted § 1391 in 1948], it is surely reasonable to think that Congress anticipated that the approach of that case, analogizing incorporated and unincorporated entities, would continue to be followed by the courts." *Id.* at 561.

Thus, this Court should treat HP Hood, a limited liability company, analogously to a corporation under the patent-venue statute. HP Hood is organized as a limited liability company under Delaware law. No. 1:12-cv-00211, Dkt. 1 ¶ 3; No. 1:12-cv-00211, Dkt. 13 ¶ 3. Accordingly, HP Hood resides in Delaware for the purposes of the patent-venue statute, and proper venue cannot be established in this District based on HP Hood's residence.

> **2.   Steuben has not alleged that either Shibuya Hoppmann or HP Hood committed acts of infringement in this District and has a regular and established place of business in this District.**

The second clause of § 1400(b) allows a defendant to be sued where it has committed acts of infringement *and* has a regular and established place of business. But Steuben did not allege sufficient facts to establish venue over either Shibuya Hoppmann or HP Hood under the second clause of § 1400(b). Specifically, Steuben did not allege that either Shibuya Hoppmann or HP Hood committed acts of infringement *and* has a regular and established place of business in this District. Thus, proper venue cannot be established in this District under the "acts of infringement" prong of § 1400(b).

Steuben's complaints against Shibuya Hoppmann and HP Hood do not allege that any act of infringement has occurred in this District. And Steuben's final infringement contentions

9

confirm that no such acts have occurred in this District. *See* Dkt. 448-04 at 1. Those contentions point to three aseptic filling systems owned and operated by HP Hood in Winchester, Virginia, and Sacramento, California. *Id*. There is no allegation or evidence that any defendant made those systems in this District, offered to sell or sold these systems from or into this District, used those systems in this District, or, acting in this District, took any step to induce or contribute to the infringement of the Steuben patents. And HP Hood's New York plants—the only physical presence in New York by any of the defendants[6] —do not have aseptic bottling capabilities, so Steuben cannot produce evidence that infringement has occurred in New York. *See In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) (noting that "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction"). Indeed, Steuben has not alleged that any of the defendants has a regular and established place of business in New York.

In short, Steuben cannot establish proper venue over either Shibuya Hoppmann or HP Hood based on either (1) residence or (2) acts of infringement *and* a regular and established place of business in this District. *See* 28 U.S.C. § 1400(b). Accordingly, venue is improper here as to both Shibuya Hoppmann and HP Hood.

> **B.     This Court should dismiss this case or, in the alternative, transfer this case to the District of Delaware, where venue would be proper as to all three defendants.**

Under 28 U.S.C. § 1406(a), where venue is improper, as it is here, a district court must either dismiss the case or transfer it to a proper venue. 28 U.S.C. § 1406(a). Transfer of the entire case to the District of Delaware is appropriate because all defendants can be sued for patent infringement there. *See Tiernan v. Westext Transp., Inc.*, 243 F. Supp. 566 (S.D.N.Y. 1965)

---

[6] Shibuya Hoppmann has no place of business in New York.

(transferring an entire case under § 1406(a) when venue was improperly laid as to only some of the defendants).

This case could be brought against Shibuya Hoppmann in the District of Delaware because it resides there as a Delaware corporation. *See* 28 U.S.C. § 1400(b). And it could be brought against HP Hood in Delaware because it resides there as a Delaware limited liability company. *See* 28 U.S.C. § 1400(b). Shibuya Kogyo, a foreign corporation, can be sued anywhere under 28 U.S.C. § 1391(c). *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) (holding that a foreign corporation could not rely on the patent-venue statute as a shield against a patent-infringement suit in any district); *HTC Corp.*, 889 F.3d 1349 (reaffirming the rule of *Brunette*). Accordingly, venue would be proper against Shibuya Kogyo in any action in the District of Delaware.

Transfer of this case as to Shibuya Kogyo, as well as Shibuya Hoppmann and HP Hood, would serve the interests of justice and the convenience of the parties. 28 U.S.C. § 1404. Splitting this case and leaving Shibuya Kogyo to defend itself in this District while other defendants proceed in the District of Delaware would lead to duplicative and wasteful efforts by the parties and the courts. Accordingly, Defendants respectfully request that the Court dismiss this case or transfer it to the District of Delaware. *See* 28 U.S.C. § 1406(a).

**C.      Shibuya has not forfeited its right to a proper venue.**

Shibuya Hoppmann and HP Hood have not forfeited their venue objections. Defendants cannot be faulted for renewing their transfer motion soon (mere weeks) after the Supreme Court's ruling in *TC Heartland*. Neither Shibuya Hoppmann nor HP Hood took a "wait-and-see" approach to tactically bypass their opportunity to transfer the case. *See In re Micron Tech., Inc.*, 875 F.3d 1091, 1102 (Fed. Cir. 2017) (noting that an obvious example of forfeiture would be a "defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum").

11

Indeed, when Steuben filed suit against Shibuya Hoppmann in 2010, Shibuya Hoppmann promptly moved to dismiss the case on the grounds of improper venue. Similarly, although HP Hood did not file a motion to dismiss on the grounds of improper venue (because doing so would have been futile in light of the Court's ruling on Shibuya Hoppmann's motion), HP Hood's Answer specifically denied that venue was proper in this District.

Since then, and until the *TC Heartland* decision, Shibuya Hoppmann and HP Hood had no choice but to litigate in this District. *See, e.g.*, *In re Oath Holdings Inc.*, 908 F.3d 1301, 1306 (Fed. Cir. 2018) (noting defendant "cannot be faulted for waiting to present a venue objection until after *TC Heartland* was decided, where the case was in an early stage[ and] the defense could not properly have been adopted by the district court at the time."); *High 5 Games, LLC v. Marks*, 2019 WL 3761114, at *11 (D.N.J. Aug. 9, 2019) (declining to find venue challenge forfeited where defendant renewed venue motion more than a year after *TC Heartland* was decided, because claim construction had not been completed and no trial date was set, and because the delay in resolution of the motion was not attributable to the defendant); *Fox Factory, Inc. v. SRAM, LLC*, 2018 WL 317839, at *3 (N.D. Cal. Jan. 8, 2018) (rejecting plaintiff's argument that defendant should be estopped from challenging venue because it affirmatively participated in the litigation, reasoning that defendant "had no choice but to 'affirmatively participate' prior to *TC Heartland*"). Shibuya Hoppmann and HP Hood had no choice but to actively participate and defend themselves to avoid any judgment adverse to them. The change in the law by *TC Heartland* was the first opportunity for Shibuya Hoppmann and HP Hood to renew their venue motion. And Shibuya has steadfastly maintained its assertion of its venue rights in the months since that renewed motion. *See* April 30, 2018 Hr'g Tr., Dkt. 398 at 58-59 (instructing that Shibuya's counsel should proceed with summary-judgment briefing and that "doing so will in no way . . . be deemed a waiver of

12

[Shibuya's] position that [Shibuya's] case belongs in the District of Delaware"); *see also* No. 2018-136, Dkt. 13 at 3 (Federal Circuit's statement that the Court should "not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against [Shibuya's] request"). In light of the Federal Circuit's analysis in *Oath Holdings*, there is no colorable argument that Shibuya Hoppmann and HP Hood have forfeited their right to raise a venue objection.

> **D.     Now is the appropriate time to grant the motion because this Court has not invested time and energy construing the disputed claim terms specific to Shibuya.**

Because there is no dispute that venue as to Shibuya Hoppmann and HP Hood is not proper in this District, eventually the case will need to be dismissed or transferred to a district where venue is proper. Now is an appropriate time to do so. While the Magistrate Judge has addressed the claim construction of the term "aseptically disinfecting," the Court has not yet invested time and effort considering the remaining disputed claim terms in this case. The Magistrate Judge has even acknowledged that "I have not spent a lot of time on any of the other claims and I don't know that I have a huge advantage over any other judge in this or any other district who might take a look at whatever else needs to be construed." Dkt. 430 at 28. And Judge Wolford herself has stated that "it may no longer be appropriate to complete claim construction prior to resolving Defendants' venue arguments. Instead, it appears that this would be an appropriate point in the proceedings for Defendants to file a renewed motion for consideration on the merits." Dkt. 466 at 3.

Judge Wolford's suggestion is appropriate. Transferring this case to the District of Delaware now will conserve judicial resources due to the diverging interests of the defendants in related cases. As the Magistrate Judge is aware, Shibuya's and other defendants' interests diverge on the Court's construction of "aseptically disinfecting." Depending on the final construction the Court adopts, the defendants in related cases are likely to request the court to proceed in different

13

directions, to the extent their respective cases survive at all. Transferring this case to the District of Delaware will not only allow the remaining claim construction to proceed there, thereby conserving this Court's judicial resources, but it will also allow this Court to proceed in a timely and orderly manner with the remaining cases.

### III.  Conclusion

For the foregoing reasons, Shibuya respectfully requests that this Court grant its motion to dismiss this case against Shibuya Hoppmann and HP Hood or, in the alternative, transfer the entire case to the District of Delaware.

| | |
|---|---|
| Dated: September 23, 2019 | Respectfully submitted, |
| | By  /s/ *J.C. Rozendaal* |
| William D. Christ | J.C. Rozendaal, *pro hac vice* |
| PHILLIPS LYTLE LLP | Byron L. Pickard, *pro hac vice* |
| One Canalside, 125 Main Street | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| Buffalo, New York 14203-2887 | 1100 New York Avenue, N.W. |
| 716-847-8332 (phone) | Washington, D.C. 20005 |
| wchrist@phillipslytle.com | (202) 371-2600 (phone) |
| | (202) 371-2540 (fax) |
| | jcrozendaal@sternekessler.com |
| | bpickard@sternekessler.com |
| | |
| | *Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC* |