IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

STEUBEN FOODS, INC.,

    *Plaintiff*,

  v.

SHIBUYA HOPPMANN CORP.,
SHIBUYA KOGYO CO., LTD.,
and HP HOOD LLC,

    *Defendants.*

Case No.: 1:10-cv-00781-EAW-JJM

REPLY MEMORANDUM IN SUPPORT OF SHIBUYA HOPPMANN, SHIBUYA KOGYO, AND HP HOOD'S THIRD RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER DUE TO IMPROPER VENUE

**TABLE OF CONTENTS**

I. Introduction..................................................................................................................1

II. Defendants did not forfeit their venue objection. ........................................................2

    A. Defendants timely asserted their venue rights............................................................ 2

    B. Steuben's preference to litigate in this district cannot trump Defendants' statutory right to litigate this case in a proper venue................................................................ 7

    C. Steuben's judicial-efficiency arguments lack merit. ................................................... 9

III. Conclusion .................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agri-Labs Holding LLC v. Taplogic, LLC*
   304 F. Supp. 3d 773 (N.D. Ind. 2018) ............................................................................. 4

*Blackbird Tech, LLC v. TADD, LLC,*
   2019 WL 3340700 (D. Del. May 10, 2019) ..................................................................... 9

*Blue Rhino Global Sourcing, Inc. v. Best Choice Prods.,*
   2018 WL 4784006 (M.D.N.C. June 20, 2018) ............................................................. 3, 8

*Boston Sci. Corp. v. Cook Grp. Inc.,*
   2017 WL 3996110 (D. Del. Sept. 11, 2017) ................................................................. 2, 3

*Cutsforth, Inc. v. LEMM Liquidating Co.,*
   2018 WL 847763 (D. Minn. Feb. 13, 2018) ................................................................. 3, 8

*Davis v. Smith,*
   253 F.2d 286 (3d Cir. 1958) .............................................................................................. 9

*Fox Factory, Inc. v. SRAM, LLC,*
   2018 WL 317839 (N.D. Cal. Jan. 8, 2018) ....................................................................... 6

*Hamilton v. Atlas Turner, Inc.*
   197 F.3d 58 (2d Cir. 1999) ................................................................................................ 4

*Hawknet, Ltd. v. Overseas Shipping Agencies,*
   590 F.3d 87 (2d Cir. 2009) ................................................................................................ 4

*High 5 Games, LLC v. Marks,*
   2019 WL 3761114 (D.N.J. Aug. 9, 2019) ........................................................................ 3

*Infinity Computer Prods., Inc. v. Oki Data Ams., Inc.*
   2018 WL 1035793 (E.D. Pa. Feb. 13, 2018) .................................................................... 3

*Intellectual Ventures II LLC v. FedEx Corp.*
   2017 WL 5630023 (E.D. Tex. Nov. 22, 2017) ................................................................. 4

*Keranos LLC v. Silicon Storage Tech., Inc.*
   2018 WL 7283284 (E.D. Tex. Mar. 1, 2018) ................................................................ 4, 5

*Javelin Pharms., Inc. v. Mylan Labs. Ltd.,*
   2017 WL 5953296 (D. Del. Dec. 1, 2017) ....................................................................... 3

*Leroy v. Great W. United Corp.,*
   443 U.S. 173 (1979) .......................................................................................................... 1

*McCleskey v. CWG Plastering, LLC*,
   2017 WL 1408049 (S.D. Ind. Apr. 19, 2017), *rev'd on other grounds*,
   897 F.3d 899 (7th Cir. 2018) ............................................................................................. 6

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017) .................................................................................*passim*

*Nat'l Prods., Inc. v. Arkon Res., Inc.*,
   2018 WL 1457254 (W.D. Wash. Mar. 23, 2018) ................................................................ 3

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
   308 U.S. 165 (1939) ....................................................................................................... 1, 9

*In re Oath Holdings Inc.*,
   908 F.3d 1301 (Fed. Cir. 2018) .................................................................................*passim*

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*
   2018 WL 3195062 (D. Del. June 25, 2018) ................................................................... 4, 9

*RMH Tech LLC v. PMC Indus., Inc.*,
   2018 WL 1566839 (D. Colo. Mar. 30, 2018) ................................................................. 3, 8

*Simplex-Turmar, Inc. v. Roland Marine, Inc.*,
   1997 WL 736541 (W.D.N.Y. Nov. 14, 1997) ..................................................................... 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ...............................................................................................*passim*

*Treehouse Avatar LLC v. Valve Corp.*,
   2017 WL 5564153 (D. Del. Nov. 20, 2017) ....................................................................... 3

*UCB, Inc. v. Mylan Techs., Inc.*,
   2017 WL 5985559 (D. Del. Dec. 1, 2017) .......................................................................... 3

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
   917 F.2d 1574 (Fed. Cir. 1990) .................................................................................. 2, 4, 7

**Statutes and Rules**

28 U.S.C. § 1400(b) ................................................................................................................ 1, 7

28 U.S.C. § 1406(a) ..................................................................................................................... 1

Fed. R. Civ. P. 12 ......................................................................................................................... 4

**Other Authorities**

Order, *Caffeinate Labs, Inc. v. Vante Inc.*,
   No. 16-cv-12480, D.I. 60 (D. Mass. Dec. 12, 2017) .......................................................... 3

Order, *Nichia Corp. v. Vizio, Inc.*,
    No. 16-cv-01453, D.I. 220 (E.D. Tex. Feb. 2, 2018) .................................................................. 3

Order, *Palomar Techs., Inc. v. MRSI Sys., LLC*,
    No. 15-cv-01484, D.I. 53 (S.D. Cal. Feb. 5, 2018) .................................................................. 3

Order, *W. View Research, LLC v. BMW of N. Am., LLC*,
    No. 16-cv-02590, D.I. 64 (S.D. Cal. Feb. 5, 2018) .................................................................. 3

## I.     Introduction

"[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). In the federal patent-venue statute, 28 U.S.C. § 1400(b), Congress decreed that it is impermissible to force a defendant to litigate in a district unless either (i) the defendant is incorporated in the district or (ii) the defendant has committed acts of infringement and has a regular and established place of business in the district. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). It is undisputed that neither condition obtains as to Shibuya Hoppmann or HP Hood. Hr'g Tr. 7:3-8 (Sept. 28, 2017). Accordingly, those defendants have "a personal privilege," *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)—a privilege enshrined in a federal statute—to have this case either dismissed or transferred to a district in which venue is proper. *See* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss[] or . . . transfer* such case to any district or division in which it could have been brought") (emphasis added).[1]

Steuben contends that Defendants forfeited their venue objection. But none of Steuben's arguments for forfeiture withstands scrutiny. Steuben's argument that Defendants waited too long to assert their venue rights ignores the facts: Shibuya Hoppmann has consistently objected to venue throughout the pendency of this case, and Defendants filed a renewed venue objection less than two months after *TC Heartland* issued. Steuben's argument that *it* prefers to continue litigating here ignores the law: the plaintiff's preferences are irrelevant to the analysis, and in any event, Steuben's convenience cannot trump Defendants' statutory right to a proper venue. And

---

[1] Steuben also does not dispute that, if the case against those two defendants is transferred to Delaware, the case against Shibuya Kogyo should be transferred there as well.

Steuben's argument that it is more efficient to keep the case in this district ignores the law *and* the facts: judicial efficiency, standing alone, cannot support a finding of forfeiture, and even if it could, judicial efficiency is not served by keeping this case here. The motion should be granted.

## II.     Defendants did not forfeit their venue objection.

A defendant may forfeit its right to a proper venue "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017) (citation omitted). But a court's authority to find a venue objection forfeited "must be exercised with caution to avoid . . . circumvention" of "relevant rights granted by statute or [r]ule"; as the Federal Circuit has warned, the "lee-way to find . . . forfeiture" is not "broad." *Id.* at 1101-02; *In re Oath Hldgs. Inc.*, 908 F.3d 1301, 1305 (Fed. Cir. 2018).

Defendants have not forfeited their venue rights here. They objected to venue timely—less than two months after *TC Heartland* issued—and they have not consented to venue in this district, either expressly or through conduct. That should be the end of the analysis.

### A.     Defendants timely asserted their venue rights.

The principal consideration in the forfeiture analysis is timeliness: did the defendant seasonably assert its right to a proper venue? *See Micron*, 875 F.3d at 1101. The answer here is yes. Defendants have consistently asserted their venue rights from the beginning of this case.

In December 2010 (three months after suit was filed), Shibuya Hoppmann filed a motion to dismiss for improper venue, Dkt. 8 at 10-12, which the Court denied under then-controlling law, Dkt. 38 at 12. HP Hood denied that venue was proper, but did not move to dismiss because doing so would have been futile and wasteful given the Court's denial of Shibuya Hoppmann's motion.[2]

---

[2] *Cf. Boston Sci. Corp. v. Cook Grp. Inc.*, 2017 WL 3996110, at *8 (D. Del. Sept. 11, 2017) ("Before *TC Heartland*, a venue challenge based on the contention that *VE Holding* was not

2

All three Defendants renewed their venue objection in July 2017—less than *two months* after *TC Heartland*, and years before any trial would commence. As numerous courts have agreed, a finding of forfeiture is inappropriate on those facts. For example, in *Infinity Computer Products, Inc. v. Oki Data Americas, Inc.*, a set of cases stemming from a suit filed (like this one) in 2010, the court found that defendants had not forfeited a venue objection raised in October 2017, months after *TC Heartland* was decided. 2018 WL 1035793, at *7-8 (E.D. Pa. Feb. 13, 2018).[3]

---

controlling law would have been an exercise in futility . . . . To penalize a defendant for failing to present (and incur the associated expenses of) a motion or defense that the Court would have undoubtedly rejected would . . . be inconsistent with . . . the interest of justice.").

[3] At the risk of belaboring the point, *see also High 5 Games, LLC v. Marks*, 2019 WL 3761114, at *11 (D.N.J. Aug. 9, 2019) (defendant had not forfeited venue objection filed more than a year after *TC Heartland*, because claim construction had not been completed and no trial date was set, and because delay in resolution of motion was not attributable to defendant); *Blue Rhino Global Sourcing, Inc. v. Best Choice Prods.*, 2018 WL 4784006, at *3 (M.D.N.C. June 20, 2018) (defendant had not forfeited venue objection filed seven months after *TC Heartland*, where no trial date was set); *RMH Tech LLC v. PMC Indus., Inc.*, 2018 WL 1566839, at *4 (D. Colo. Mar. 30, 2018) (defendant had not forfeited venue objection filed seven months after *TC Heartland*); *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 2018 WL 1457254, at *4-5 (W.D. Wash. Mar. 23, 2018) (defendants had not forfeited venue objection filed six months after *TC Heartland*, where no trial date was set); *W. View Research, LLC v. BMW of N. Am., LLC*, No. 16-cv-02590, D.I. 64 at 5-8 (S.D. Cal. Feb. 5, 2018) (defendants had not forfeited venue objection filed in July 2017 where case was "not within weeks or months of trial"); *Cutsforth, Inc. v. LEMM Liquidating Co.*, 2018 WL 847763, at *3-5 (D. Minn. Feb. 13, 2018) (defendants had not forfeited venue objection filed shortly after *TC Heartland* where case was not "trial-ready"); *Palomar Techs., Inc. v. MRSI Sys., LLC*, No. 15-cv-01484, D.I. 53 at 2-7 (S.D. Cal. Feb. 5, 2018) (defendant had not forfeited venue objection raised "less than three months after *TC Heartland*," where case was not "on the eve of trial"); *Nichia Corp. v. Vizio, Inc.*, No. 16-cv-01453, D.I. 220 at 10 (E.D. Tex. Feb. 2, 2018) (defendants had not forfeited venue objection filed shortly after *TC Heartland*); *Caffeinate Labs, Inc. v. Vante Inc.*, No. 16-cv-12480, D.I. 60 (D. Mass. Dec. 12, 2017) (defendant had not forfeited venue objection filed three months after *TC Heartland*); *UCB, Inc. v. Mylan Techs., Inc.*, 2017 WL 5985559, at *1-2 (D. Del. Dec. 1, 2017) (defendant had not forfeited venue objection filed "less than two months after *TC Heartland*"); *Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, 2017 WL 5953296, at *1 (D. Del. Dec. 1, 2017) (defendant had not forfeited venue objection filed "less than three months after *TC Heartland*"); *Treehouse Avatar LLC v. Valve Corp.*, 2017 WL 5564153, at *3 (D. Del. Nov. 20, 2017) (defendant had not forfeited venue objection filed "promptly" after *TC Heartland*, where trial was set for 2019); *Bos. Sci.*, 2017 WL 3996110, at *10 (defendant had not forfeited venue objection filed shortly after *TC Heartland* and eight months before trial).

3

As this extensive catalogue of cases indicates, Steuben's reliance (at 11) on a "two-month delay" as a basis for a forfeiture finding is misplaced. Steuben cannot cite a single case in which a venue objection was found forfeited where, as here, (i) the objection was filed within two months of *TC Heartland* and (ii) the case was not close to trial. Steuben's cited authority (at 11) involves far more dilatory conduct by the defendant. In *Hamilton v. Atlas Turner, Inc.*, the defendant waited *four years* to move to dismiss for lack of personal jurisdiction. 197 F.3d 58, 61 (2d Cir. 1999). In *Keranos LLC v. Silicon Storage Technology, Inc.*, the defendants waited nine months after *TC Heartland* to raise their venue objection. 2018 WL 7283284, at *2 (E.D. Tex. Mar. 1, 2018). And in *Agri-Labs Holding LLC v. Taplogic, LLC*, the defendant objected to venue when it sought summary judgment and shortly before trial. 304 F. Supp. 3d 773, 783-84 (N.D. Ind. 2018).[4]

Steuben's suggestion (at 8-9) that Defendants should have raised their venue defense when the Supreme Court *granted certiorari* in *TC Heartland*, as opposed to after the case was decided, makes no sense. At that point, *VE Holding* was still binding law, and Defendants had no way of knowing how the Court would decide *TC Heartland* (and hence whether any colorable venue objection would become available). "[T]he doctrine of waiver demands conscientiousness, not clairvoyance, from parties." *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009). Tellingly, in discussing when a *TC Heartland*-based venue objection became "available" to defendants under Rule 12, the Federal Circuit in *Micron* repeatedly tied the availability of the defense to the Supreme Court's *decision*—not the grant of certiorari. *See* 875

---

[4] Similarly, in *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, cited elsewhere in Steuben's brief, the defendant had tactically "wait[ed] eight months to assert its venue objection while actively seeking and obtaining key rulings from th[e] [c]ourt." 2018 WL 3105062, at *9 (D. Del. June 25, 2018). *Intellectual Ventures II LLC v. FedEx Corp.* likewise involved defendants who had taken "several steps indicating that they had relinquished their original venue objection" after *TC Heartland* was decided. 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017).

F.3d at 1094 ("before the Court decided *TC Heartland*, the venue defense now raised by Micron (and others) based on *TC Heartland*'s interpretation of the venue statute was not 'available'"); *accord id.* at 1096 (similar), *id.* at 1098 (similar); *id.* at 1099 (similar). Steuben's own authority recognizes this point. *See Keranos*, 2018 WL 7283284, at *1-2 ("Conduct occurring before *TC Heartland* cannot affect a right or privilege that did not exist at the time. The right or privilege did, however, come into existence on May 22, 2017, *when TC Heartland issued*.") (emphasis added).[5]

Nor has Steuben explained how the course of the coordinated *Markman* proceedings would have been different if Defendants had re-raised their venue objection prematurely even before the Supreme Court's decision in *TC Heartland*. The cases that Steuben filed against various groups of defendants have never been consolidated with one another. Claim-construction briefing proceeded separately in each case. The Shibuya defendants and HP Hood filed a set of briefs separate from—and advancing different claim-construction positions than—those of the other defendants in other Steuben cases. Steuben, for its own convenience, filed a consolidated response instead of responding separately to the arguments raised in each case, and Defendants agreed to this procedure as a courtesy. But the fact that Steuben, for its own purposes, elected not to respond separately to the claim construction arguments raised in the present case provides no basis for deeming Defendants to have acquiesced in litigating in a forum where venue is not proper and where they should never have been sued in the first place.

Steuben's assertions (at 4-5) that this case has been pending for many years and that Defendants have filed "a litany of motions" in that time are likewise off the mark. As an initial

---

[5] Steuben notes (at 10-11) that, in *Oath Holdings*, the defendant's "answer expressly put respondents and the district court on notice that Oath was watching *TC Heartland* to see if the defense would become available" (emphasis omitted). Here, Shibuya's first motion to dismiss and HP Hood's answer—while filed, of course, long before *TC Heartland* reached the Supreme Court's docket—likewise put Steuben on notice of Defendants' improper-venue argument.

5

matter, the long pendency of the case simply illustrates the magnitude of the prejudice Defendants have suffered: for nine years now, Defendants have been forced to litigate in a venue in which they never should have been sued. Defendants' pre-*TC Heartland* participation in the case, moreover, is irrelevant to the forfeiture inquiry: a defendant "cannot be faulted for waiting to present a venue objection until after *TC Heartland* was decided," since "the defense could not properly have been adopted by the district court [prior to] that time." *Oath Holdings*, 908 F.3d at 1306. In other words, before *TC Heartland*, Defendants "had no choice but to 'affirmatively participate'" in the case. *Fox Factory, Inc. v. SRAM, LLC*, 2018 WL 317839, at *3 (N.D. Cal. Jan. 8, 2018). The alternative was a default judgment or a finding of contempt. And this Court itself has explicitly stated that Defendants' *post-TC Heartland* participation "will in no way . . . be deemed a waiver of [their] position that [this] case belongs in the District of Delaware," because Defendants have steadfastly maintained their venue objection since shortly after *TC Heartland* issued. Hr'g Tr. 58:16-59:5 (Apr. 30, 2018). That accords with the Federal Circuit's instruction in its mandamus ruling that this Court should "not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against [Defendants'] request." *In re Shibuya Hoppmann Corp.*, No. 2018-136 (Fed. Cir. May 1, 2018), Dkt. 13 at 3.[6]

Finally, the idea that HP Hood adopted an "opportunistic[]" "wait-and-see" strategy concerning its venue objection, Steuben Opp. 6-8, is absurd. HP Hood did not contest venue via motion practice because doing so would have been a waste of resources in light of this Court's denial of Shibuya Hoppmann's motion. Less than two months after the Supreme Court decided *TC*

---

[6] Tellingly, the only authority Steuben cites in support of its argument that Defendants' participation in this litigation supports a finding of forfeiture concerned the issue of personal jurisdiction, not venue, and did not involve an intervening Supreme Court decision that made available a previously unavailable defense. *See McCleskey v. CWG Plastering, LLC*, 2017 WL 1408049, at *4 (S.D. Ind. Apr. 19, 2017), *rev'd on other grounds*, 897 F.3d 899 (7th Cir. 2018).

*Heartland* and abrogated *VE Holding* (thereby giving HP Hood a new meritorious argument that venue in this district is improper), HP Hood filed its motion. That is hardly a "wait-and-see approach." *See Oath Holdings*, 908 F.3d at 1306 (defendant's decision to file its first venue objection shortly after *TC Heartland* "involve[d] nothing close to the type of 'wait-and-see' tactical behavior that *Micron* suggested was a potential basis for forfeiture"). HP Hood objected to venue promptly after *TC Heartland* provided the legal basis upon which to do so.[7]

Steuben's lengthy argument (at 6-8) that HP Hood "is perfectly at home in this District" is beside the point. There are only two relevant questions for venue purposes: (1) whether HP Hood is incorporated in New York; and (2) whether HP Hood has committed acts of infringement in, and has a regular and established place of business in, this district. *See TC Heartland*, 137 S. Ct. 1514. Steuben does not and cannot dispute that the answer to both of those questions is no. Steuben's mischaracterization (at 8) of Defendants' argument as an "assertion that this forum is inconvenient for Hood," confuses the question of whether a venue is *proper* with the question of whether a venue is *convenient*. "The statutory rights under §§ 1400(b) and 1406(a) are independent of the convenience-based rights under § 1404(a)." *Oath Holdings*, 908 F.3d at 1306. Because it is undisputed that venue in this district is not proper, it is irrelevant whether this venue is convenient.

### B. Steuben's preference to litigate in this district cannot trump Defendants' statutory right to litigate this case in a proper venue.

Steuben also asserts (at 11) that it "and the defendants in the related cases have an interest in maintaining this suit in this District." As an initial matter, it is unclear why the other defendants

---

[7] Steuben criticizes (at 6) HP Hood for denying that venue was proper in its answer. (Oddly enough, this criticism comes only a few sentences after Steuben's contention that HP Hood should have objected to venue *more* forcefully via motion practice.) In fact, HP Hood's position was correct, as the Supreme Court eventually confirmed in *TC Heartland*. HP Hood is not incorporated in New York, and Steuben has never alleged any act of infringement in this district, so venue is not proper here under 28 U.S.C. § 1400(b).

7

have any stake in where this case is litigated, or how Steuben can make representations about the "interest[s]" of the other parties it sued. And while Steuben may prefer to litigate all its cases here, "[t]he plaintiff's convenience is not a relevant factor in determining whether venue is proper." *Simplex-Turmar, Inc. v. Roland Marine, Inc.*, 1997 WL 736541, at *3 (W.D.N.Y. Nov. 14, 1997). "The element of prejudice is *only* considered under § 1406(a) when deciding between a dismissal or a transfer—it is not considered as the reason or basis to ignore improper venue claims." *Infinity Comput.*, 2018 WL 1035793, at *8; *see RMH Tech*, 2018 WL 1566839, at *5 ("venue requirements exist for the benefit of defendants, not plaintiffs, and . . . under Section 1406(a), prejudice to the plaintiff is not a relevant consideration") (alterations, citations, and quotation marks omitted); *Cutsforth*, 2018 WL 847763, at *4 n.3 ("[A] statutory analysis of venue focuses on the harm to defendants if improper venue lies—not the harm to plaintiffs if venue is transferred.").

Steuben mischaracterizes (at 11) *Micron* as holding that "it is appropriate to consider factors that 'implicate efficiency or other interests of . . . other participants in the case.'" The *Micron* Court actually said that the Federal Circuit "*ha[s] not provided a precedential answer* to the question whether the timeliness determination may take account of factors other than the sheer time from when the defense becomes available to when it is asserted, including factors such as how near is the trial, which may implicate efficiency or other interests of the judicial system and of other participants in the case." 875 F.3d at 1102 (emphasis added). As explained above, the plaintiff's convenience is not a proper factor in the analysis.

Moreover, even if Steuben's convenience were relevant—and it is not—any purported prejudice to Steuben arising from transfer would not outweigh the very significant prejudice that Defendants will suffer if they are forced to continue to defend themselves in a district in which

they undisputedly should never have been sued in the first place.

### C. Steuben's judicial-efficiency arguments lack merit.

Steuben also asserts (at 2) that "[a] finding of forfeiture would promote judicial efficiency." This argument misapprehends both the law and the facts.

As to the law, to the extent Steuben suggests that a court may find forfeiture based *only* on efficiency considerations, in the absence of any fault of the defendant, Steuben is wrong. Nothing in *Micron*, or in any authority cited in *Micron*, supports such a view. On the contrary, the right to a proper venue may be forfeited only "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Micron*, 875 F.3d at 1101 (quoting *Neirbo*, 308 U.S. at 168). Consistent with *Neirbo*, each of the forfeiture cases discussed in *Micron* concerned grounds of either untimeliness or consent on the part of the defendant. *Cf. Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958) (party loses a venue objection if it "performs some act which indicates to the court that [it] elects not to raise [its] privilege of venue"). Given *Micron*'s caution that "the lee-way to find . . . forfeiture" is not "broad," any expansion of the forfeiture doctrine to encompass considerations of mere efficiency would improperly "circumvent[]" a defendant's statutory right to a proper venue. 875 F.3d at 1101-02; *see Blackbird Tech, LLC v. TADD, LLC*, 2019 WL 3340700, at *4 (D. Del. May 10, 2019) ("[F]actors relating to the convenience of the parties and interests of justice are governed by § 1404(a), as opposed to § 1400(b).").[8]

In any event, keeping this case here would not serve judicial efficiency. Defendants here have filed their own *Markman* briefs, asserting different claim-construction positions from the

---

[8] *Princeton Digital* (cited by Steuben at 3-4) is not to the contrary. There, the court considered judicial efficiency in analyzing forfeiture, but—critically—the defendant had *also* tactically "wait[ed] eight months to assert its venue objection while actively seeking and obtaining key rulings from th[e] [c]ourt." 2018 WL 3105062, at *9. Nothing of that sort occurred in this case.

defendants in the other cases. The issues to be resolved in this case are distinct from the issues that will need to be resolved in the other cases filed by Steuben. (Steuben admits (at 10) that certain issues addressed in its joint claim-construction brief "have no application to claim construction issues present in this case.") Indeed, the claim-construction proceedings thus far have focused on an issue—the proper construction of the term "aseptically disinfecting"—that, while significant in the other cases, is of little consequence to the Steuben-Shibuya case. The proceedings to date thus demonstrate that the supposed efficiency of coordination is illusory. It would be no more efficient for this Court to decide the unique claim-construction issues raised in the Steuben-Shibuya case than it would be for the District of Delaware to decide them.[9]

Finally, while this case has been pending for a significant period of time, it is still years away from trial. The Federal Circuit has suggested that nearness to trial is an important consideration in the forfeiture analysis, stating that it had "f[ound] no clear abuse of discretion[] in several cases involving venue objections based on *TC Heartland* that were presented close to trial." *Micron*, 875 F.3d at 1102. Here, however—as was the case in *Oath Holdings*—"the case has not progressed past written discovery and claim construction briefing." 908 F.3d at 1306. Add to that (i) Defendants' steadfast insistence on their right to a proper venue throughout the course of this case, and (ii) the lack of any evidence that Defendants expressly or impliedly consented to try the case here, and it is evident that a finding of forfeiture would be inappropriate.

### III. Conclusion

The Court should dismiss this case or transfer it to the District of Delaware.

---

[9] Defendants agreed to the coordination of the claim-construction proceedings once it became clear that the same judge would hear all of the Steuben cases because Defendants, for obvious reasons, did not want the judge to rule on the construction of a given disputed term before hearing arguments from Defendants on that term. Steuben's suggestion that this choice should result in Defendants losing their statutory right to a proper venue is misguided.

| | |
|---|---|
| Dated: October 25, 2019 | Respectfully submitted, |
| | By /s/ *J.C. Rozendaal* |
| William D. Christ | J.C. Rozendaal, *pro hac vice* |
| PHILLIPS LYTLE LLP | Byron L. Pickard, *pro hac vice* |
| One Canalside, 125 Main Street | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| Buffalo, New York 14203-2887 | 1100 New York Avenue, N.W. |
| 716-847-8332 (phone) | Washington, D.C. 20005 |
| wchrist@phillipslytle.com | (202) 371-2600 (phone) |
| | (202) 371-2540 (fax) |
| | jcrozendaal@sternekessler.com |
| | bpickard@sternekessler.com |
| | *Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC* |